# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Ray Perry,** ) | **CASE NO. 1:11-CV-1309** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **James Wilson,** ) | |
| ) | |
| **Defendant.** ) | |

*Pro se* plaintiff Ray Perry filed this action against Ohio Adult Parole Authority ("OAPA") Parole Officer James Wilson. In his Complaint, plaintiff alleges causes of action for malicious prosecution and slander arising from defendant Wilson's testimony against plaintiff in connection with plaintiff's arrest for escape. He seeks compensatory and punitive damages.

Plaintiff has also filed a Motion to Proceed *In Forma Pauperis*. (ECF 2). That Motion is granted.

**Background**

In March 1993, plaintiff was convicted of felonious assault, aggravated burglary, and carrying a concealed weapon ("CCW"). He was sentenced to an indefinite term of five to fifteen years of imprisonment on the felonious assault charge, a concurrent term of eight to twenty-five years on the aggravated burglary charge, and one year plus a consecutive three-year term for the firearm specification. Plaintiff was paroled in August 2001, and ordered to complete his sentence under the supervision of the OAPA.

In March 2002, plaintiff was indicted for the offense of escape for allegedly failing to report to his parole officer following his August 2001 release from prison. Following a jury trial, plaintiff was convicted of escape and sentenced to two years of imprisonment and three years of post-release control. In April 2005, plaintiff was again indicted for the offense of escape. He pled guilty and, on September 25, 2005, was sentenced to serve fifty-five days in jail.

In December 2005, plaintiff was once again indicted for escape. The matter proceeded to a bench trial on August 13, 2007. During that trial, defendant Wilson testified that plaintiff was a "hybrid" parolee, "as he is subject to three years of post-release control (in connection with [his 2002 escape conviction]) and sixteen years of parole (in connection with [his 1993 felonious assault, aggravated burglary, and CCW conviction])." *State v. Perry*, 2008 WL 4750346 at *2 (Ohio App. 8 Dist. Oct. 30, 2008). Defendant Wilson also indicated that plaintiff "would remain under the supervision of the Ohio Adult Parole Authority until 2023." *Id*.

On August 15, 2007, plaintiff was convicted of one count of escape and sentenced to two years imprisonment and two years of post-release control sanctions. Plaintiff alleges that he was released from prison on August 17, 2010.

Plaintiff has filed numerous lawsuits in this Court relating to the above charges and convictions. Several months prior to his August 2007 trial on escape charges, plaintiff filed *Perry v. Wilson*, Case No. 1:07CV1144 (N.D. Ohio) (J. O'Malley). In that case, plaintiff claimed that defendant Wilson slandered him by stating that plaintiff violated his parole, and exceeded his authority by filing escape charges against him. That action was dismissed pursuant to 28 U.S.C. § 1915(e) on July 25, 2007.

Two days after he was sentenced for his August 2007 escape conviction, plaintiff filed another action to challenge the State's ability to prosecute him on escape charges. *See Perry v. Collins*, Case No. 1:07CV2952 (N.D. Ohio) (J. Gwin). Specifically, he claimed that "those released on PRC are being unlawfully prosecuted for escape pursuant to [Ohio Rev. Code] 2921.34 for failing to visit their parole officer . . .. [T]here is no statute authorizing the prosecution." That action was dismissed pursuant to 28 U.S.C. § 1915(e).

One month after filing the second action challenging the escape charges, plaintiff filed a third case, this time against parole board member Jim Bedra and defendant Wilson. *See Perry v. Bedra*, Case No. 1:07CV3245 (N.D. Ohio) (J. O'Malley). In his complaint in that case, plaintiff alleged:

> Pursuant to R.C. 2967.28 (2005) as it existed in 9/2005, periods of PRC [post-release control] do not run concurrent or consecutive to each other. A latter felony conviction would terminate a former PRC supervision. Also, parole and PRC supervisions do not aggregate. A 1 year parole supervision is terminated by a 3 year PRC supervision pursuant to R.C. 2967.28(4)(B). Whereby, after 9/26/2005, I was not on parole pursuant to R.C. 2967.15 or PRC pursuant to R.C. 2967.28. However, I find myself in prison now for the parole violation of escape pursuant to R.C. 2967.34.

He further claimed that the OAPA was not following the requirements of the Ohio Revised Code, and the parole board lacked authority to pursue escape charges for violating the terms of his post-release control. That case was dismissed pursuant to 28 U.S.C. § 1915(e) on January 15, 2008.

Plaintiff then filed a fourth case, this time a Petition for Writ of Habeas Corpus. *See Perry v. Collins*, Case No. 1:09CV2254 (N.D. Ohio) (J. Gwin). Therein, he claimed that:

> This case involves the unconstitutionality of the Adult Parole Authority placing this Petitioner under post release control supervision when the trial

-3-

> court had not placed this Petitioner on post release control, as evidenced by the journal entry for an F5 escape conviction pursuant to *Hernandez vs. Kelly*, 844 N.E. 2d 301,Ohio, and by prosecuting this Petitioner for escape pursuant to R.C.2921.34, for not reporting to a parole officer for post releaser [sic] control supervision, when the trial court had not placed the Petitioner on post release control.

He further asserted that (1) a post release control sentence supercedes parole or post-release control that is required in a prior sentence; (2) a defendant must be notified of post-release control at the time of sentencing; (3) an escape conviction is unlawful pursuant to Ohio Revised Code §2921.34(B)(2) when the detaining authority should have known there was no legal basis for the detention; (4) escape is a third degree felony when the most serious offense for which a period under detention is a fifth degree felony; (5) those released from prison are not subject to escape charges for supervised release; and (6) he was denied effective assistance of appellate counsel.

Plaintiff then filed a second or successive Petition for Writ of Habeas Corpus, again challenging his September 2007 escape conviction. *Perry v. Collins*, Case No. 1:10CV144 (N.D. Ohio) (J.O'Malley). As plaintiff had not obtained leave from the Sixth Circuit to file a successive habeas petition, the Court transferred the matter to the Sixth Circuit on July 15, 2010. The Sixth Circuit subsequently denied plaintiff's motion for an order authorizing this Court to consider his successive habeas petition.

Plaintiff filed his Complaint in the instant case on June 27, 2011. This is the sixth case filed by plaintiff relating to his 2007 conviction and sentences for escape. In this Complaint, plaintiff states summarily that he is seeking damages against defendant Wilson for malicious prosecution, slander, and cruel and unusual punishment. However, the specific allegations set forth in the body of his Complaint relate primarily to the alleged unconstitutionality of

plaintiff's 2007 escape conviction and subsequent placement on post-release control. Specifically, plaintiff asserts in the instant case the very same issues raised in his 2009 Petition for Writ of Habeas Corpus (i.e. *Perry v. Collins*, Case No. 1:09CV2254 (N.D. Ohio)(J.Gwin)), set forth above. In addition, plaintiff alleges that (1) his 1993 conviction for felonious assault, aggravated burglary, and CCW is unconstitutional because the State failed to disclose exculpatory information; and (2) the Ohio Department of Rehabilitation & Corrections ("ODRC") unlawfully held him for an additional 20 months after his two year prison term expired.

## Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

For the reasons stated below, this action is dismissed pursuant to §1915(e).

**Analysis**

This Complaint is plaintiff's sixth attempt to bring these matters before the Court. For the reasons set forth below, the Court finds that these claims are barred by the doctrine of *res judicata.*

The doctrine of *res judicata* promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. *Parklane Hosiery Co v. Shore*, 439 U.S. 322, 326 (1979). *See also Martin v. Dana Driveshaft Manufacturing*, L.L.C., 2010 WL 3515597 at *2 (N.D. Ohio. Sept. 2, 2010). *Res judicata* applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is

identity of claims. *See Rawe v. Liberty Mut. Ins. Co.,* 462 F.3d 521, 528 (6th Cir. 2006); *Hamilton's Bogarts v. Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir. 2007); *Walker v. General Telephone Co.*, 2001 WL 1667282 at * 4 (6th Cir. Dec. 26, 2001).

The Sixth Circuit has held that, in order for the third and fourth elements of the above test to be satisfied, "there must be an identity of the causes of action; that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). *See also Holder v. City of Cleveland*, 2008 WL 2787496 at *2 (6th Cir. July 17, 2008). Where the two causes of action arise from the "same transaction, or series of transactions," the plaintiff should have litigated both causes in the first action and may not litigate the second issue later. *See Rawe*, 462 F.3d at 529.

Plaintiff has twice filed lawsuits against defendant Wilson in this Court. *See Perry v. Wilson*, Case No. 1:07-CV-1144 (N.D. Ohio) (J.O'Malley); *Perry v. Bedra*, Case No. 1:07-CV-3245 (N.D. Ohio) (J.O'Malley). The issues raised by plaintiff, both in the instant case and in his two previous lawsuits against defendant Wilson, relate to his 2007 conviction for escape and either were already litigated or could have been litigated in these actions. Thus, these issues are barred by the doctrine of *res judicata*.

Plaintiff also appears to raise an issue under *Brady v. Maryland*, 373 U.S. 83 (1963), relating to his 1993 conviction for felonious assault, aggravated burglary, and CCW. Specifically, he appears to argue that his 1993 conviction is unlawful because the State failed to disclose a statement he had made to the police after his arrest. Even accepting these allegations as true, the Court finds that there is no conceivable basis on which defendant Wilson, a Parole

Officer, could be held liable for the State's alleged failure to disclose exculpatory information to plaintiff in 1993. This claim is, thus, dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(e).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/18/11

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.